## MEECH v. VEENSTRA.

1. TRIAL — EVIDENCE — COMPETENT INTERMINGLED WITH INCOMPETENT — MOTION TO STRIKE.

A motion by plaintiff's counsel to strike out all of defendant's testimony on cross-examination was properly denied, although some of it was based on hearsay and was incompetent, where it was injected into the record by plaintiff's counsel and intermingled in his examination with testimony that was competent.

2. APPEAL AND ERROR—INSTRUCTIONS—ASSUMPTION.

Where incompetent testimony was intermingled with competent, and the charge of the trial court is not in the record, the Supreme Court will assume that the charge as given properly instructed the jury as to the evidence which they might consider.

3. NEW TRIAL—VERDICT NOT "UNREASONABLE."

Where plaintiff sued to recover $221.17, and defendant gave notice of set-off and filed a bill of particulars showing an amount due him of $539.31, a verdict of no cause of action may not be said to be "unreasonable" and unsupported by the evidence, since it may be accounted for by assuming that the claim of plaintiff was allowed and sufficient of the set-off only to balance the allowance made to the plaintiff.

Error to Calhoun; North (Walter H.), J. Submitted October 27, 1921. (Docket No. 69.) Decided December 21, 1921.

Assumpsit by Edwin R. Meech against Jacob Veenstra for goods sold and delivered. Judgment for defendant. Plaintiff brings error. Affirmed.

*N. A. Cobb,* for appellant.

SHARPE, J. The plaintiff sued to recover the value of a gasoline engine and certain items of account, amounting in all to $221.17. The defendant gave notice of set-off and filed a bill of particulars showing an amount due him of $539.31. The case was submitted to a jury, resulting in a verdict of no cause of action. Plaintiff's motion for a new trial was denied.

He reviews the judgment entered on the verdict by writ of error. The assignments are:

(1) Error in denying plaintiff's motion to strike out certain testimony.

(2) Error in refusing to grant a new trial.

1. Plaintiff's counsel called the defendant as his first

witness, for cross-examination under the statute permitting this to be done. He not only interrogated him concerning the items claimed by plaintiff but examined him at length on his claimed set-off. He was immediately thereafter questioned by his own counsel. We have read the record with care and do not find that any objection was made to any question asked defendant. At the conclusion of the examination of the defendant by plaintiff's counsel, the following occurred:

"*Mr. Cobb:* I move that the witness' testimony be stricken from the record and the bill of particulars in its entirety allowed to stand until he has some basis for his statement.

"*The Court:* Well, are you going to have some of these other witnesses here tomorrow? I don't think I would like to strike the testimony at this time.

"*Mr. Stewart:* Yes."

On the next day, plaintiff's counsel again questioned defendant at considerable length. At the conclusion of the proofs, he moved—

"to have all the testimony of the defendant relating to shipments except as admitted by the plaintiff and all of his testimony regarding the accounts charged as testified to here so far as the debits to Mr. Meech are concerned stricken from the record of the cause and the jury instructed to disregard for the reason that he has testified that all these matters which he has in here, this recollection of the testimony, are based upon a certain bill of particulars which he claims was drafted from the books but which in no way set out the accounts as he testified."

This motion was denied. The defendant's set-off consisted largely of a claim for butter and ice cream furnished plaintiff and for which defendant had not been paid. The bill of particulars referred to in the motion was a certified copy of one filed in the circuit court for the county of Barry in 1915. While the record is not entirely clear, it appears that

this bill of particulars was used by plaintiff's counsel in his examination of the defendant and introduced in evidence by him.

We are satisfied that a part of the defendant's testimony was based on hearsay and was incompetent. It was, however, injected into the record by plaintiff's counsel, and so intermingled in his examination with testimony that was competent, that the motion to strike it all out was properly denied. The charge is not in the record and we can but assume that the trial court properly instructed the jury as to the evidence which they might consider.

2. The motion for a new trial was founded on the error in denial of the motion to strike out testimony already disposed of, and the further reason that the verdict is "unreasonable" and unsupported by the evidence. The verdict may be accounted for by assuming that the claim of the plaintiff was allowed and sufficient of the set-off, only, to balance the allowance made to the plaintiff. In denying this motion, the trial court said:

"My own judgment is that a just result was arrived at by the jury in this case."

With this conclusion we agree.

The judgment is affirmed.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, CLARK, and BIRD, JJ., concurred.