MARY A. COLWELL v. FRANKLIN B. ADAMS.

51 491
108 599

*Assumpsit for value of wheat harvested by defendant.*

A woman brought assumpsit on a claim assigned to her by her husband for the value of wheat sown by him, but harvested by defendant. *Held* error to exclude any circumstances tending to show the relation sustained by the husband or the parties to the land on which the crop was grown; as, in this case, that the premises were sold under a mortgage, and the sale was confirmed and a deed given in the spring before the crop was harvested.

Error to Van Buren. (Mills, J.) Oct. 3.—Oct. 17.

ASSUMPSIT. Defendant brings error. Reversed.

*Geo. W. Lawton* for appellant.

*Lester A. Tabor* for appellee.

SHERWOOD, J. The plaintiff brings suit in assumpsit for board, and for a quantity of wheat. The claim for the wheat plaintiff received by assignment from her husband, James Colwell, in the year 1881.

James Colwell, in 1875, took certain land of the defendant by parol agreement to work on shares, giving defendant one-half of the crops raised. He went into possession of the property under the agreement, and remained thereon until the month of March, 1878, and then removed therefrom. In the fall of 1877, James Colwell sowed about 15 or 20 acres to wheat, and defendant testified when the wheat was ready for harvest the next year he harvested and threshed the same, and after deducting the expense of harvesting, he gave to said Colwell credit for one-half of the proceeds of the wheat, on an account which the firm of Kinney, Adams & Co. held against him, and of which firm defendant was a member; that he made arrangement to do this with Colwell when he commenced harvesting the wheat. Colwell, however, says the defendant agreed to take his half of the wheat and pay him for it.

It is claimed on the part of the defendant, and not denied by plaintiff, that in 1875 there was a valid outstanding mortgage on the farm; that this mortgage was foreclosed while Colwell lived upon the property, and that he was made a party defendant in the foreclosure proceedings; that the property was duly sold under the decree made in the foreclosure suit, and said sale duly confirmed and a deed given to the purchaser, who was the mortgagee, in April, 1878.

On the trial the defendant offered to show the facts thus claimed by him, and was not permitted so to do by the court. This was error. All the facts and circumstances showing, or tending to show, the relation James Colwell or the parties sustained to the property in question, were competent and should have been given to the jury. It is unnecessary to consider the other questions discussed by counsel in the case.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.