FOUNTAIN *v.* HUTCHINSON.

EVIDENCE—PARTNERSHIP—SALE OF INTEREST IN FIRM ASSETS.

One of two partners gave his wife a bill of sale of one-third
of the firm assets, being his interest therein, in payment
of his personal debt to her. The wife, claiming to have sold
said interest to the other partner upon his agreement to pay
her the value thereof, sued to recover said value. The defend-
ant denied making any such purchase or agreement, and tes-
tified that the arrangement was that a corporation about
to be formed was to take the partnership property, and allow
so much stock therefor, which was to be issued to the de-
fendant, and its value be by him applied to the settlement of
the partnership accounts. *Held*, that it was important that
the jury be instructed as to the effect of a sale by one partner
of his interest in the partnership property in payment of
his individual debt, and as to the rights of partners in the
joint property; that, while the partnership accounts could
not be settled in said suit if objection were made, still their
condition was a pertinent inquiry in determining the prob-
ability of the contract as claimed by the plaintiff and as
asserted by the defendant.

Error to Calhoun; Smith, J. Submitted February 18,
1896. Decided March 11, 1896.

*Assumpsit* by Olive M. Fountain against Charles
Hutchinson to recover the value of certain personal prop-
erty alleged to have been sold to the defendant. From a
judgment for plaintiff, defendant brings error. Reversed.

Plaintiff's husband, John Fountain, and defendant,
were in partnership in the business of manufacturing cul-
tivators, Fountain owning one-third interest, and defend-
ant two-thirds. Among the partnership assets were a
boiler and engine, machinery, and tools. February 20,
1892, Fountain claims to have sold to the plaintiff his one-
third interest in the machinery, etc., and for which he
made a bill of sale. The consideration was money which

plaintiff claimed to have loaned to her husband in 1889, and for which she held his note for $450, dated January 30, 1889. Defendant, at the time of the sale, was not consulted, and knew nothing of it. Plaintiff claimed that through her husband, acting as her agent, she subsequently sold to the defendant her one-third interest in this property, and that defendant agreed to pay therefor one-third of the inventory price of the entire property, when transferred to a corporation then agreed to be formed. Fountain claimed to have made a memorandum of the agreement, which he produced, and which reads as follows:

"Substance of contract between Messrs. Hutchinson and Cronin: Agree to form a stock company, $25,000, and to make one thousand cultivators the first year, and more thereafter as trade demands. To employ Fountain at $2 per day, and Fountain to have one-sixth of the profits. Hutchinson to put machinery from Ceresco in as his stock, and pay Mrs. Fountain for the same one-third inventory price."

Subsequently a corporation was formed, and this property transferred to the corporation. The business was located at · Battle Creek, the property removed from Ceresco, and after its removal an inventory was taken. Defendant denied any such contract, and testified that the arrangement was that the corporation was to take the machinery, and allow so much stock for the entire lot; that the stock was to be issued to him, and its value to be applied to the settlement of the partnership accounts of Fountain & Hutchinson. Defendant also denied that he was informed of such transfer by Mr. Fountain, and claimed that he knew nothing of it until some time after the shops were built in Battle Creek, and the machinery running, when Mr. Cronin, one of the stockholders, and the secretary and treasurer of the corporation, called his attention to an assignment from Fountain to his wife, which he had found upon the floor of the office, and which had evidently fallen from Mr. Fountain's coat. Mr. Cronin testified to finding this assignment and show-

ing it to defendant. The entire transaction rests in parol, and no one was present at the making of the alleged agreement except Mr. Fountain and the defendant. Plaintiff had verdict and judgment.

*Louis C. Miller* (*Howard & Roos*, of counsel), for appellant.

*Herbert E. Winsor*, for appellee.

GRANT, J. (*after stating the facts*). Errors are assigned upon the admission and exclusion of evidence, upon the refusal to give certain requests, and upon the charge as given. The court refused to permit any inquiry to be made into the partnership agreement, and rejected testimony offered to the effect that Mr. Fountain, at the time of the alleged sale to his wife, had no real interest in the partnership property, and was in fact indebted to defendant. He also refused to instruct the jury as to the effect of a sale by one partner of his interest in any or all of the partnership property in payment of his individual debts, or as to the rights of partners in their joint property. We think it was important that the jury should have been instructed upon these matters. It is evident that Mr. Fountain was at the time insolvent. If it could be shown that in fact he had no real interest in the partnership property, but was in debt to his partner, this would be a very material circumstance for the consideration of the jury in determining who told the truth, Fountain or defendant, and what the contract was. Of course, plaintiff, under the bill of sale from her husband, did not obtain absolute title to the specific property, nor any title whatever, unless upon settlement it was found that Mr. Fountain had some interest to convey. The conveyance to her was subject to the rights of creditors and the other partner. It was her theory that, although her husband may have had no real interest to convey, yet defendant recognized that she was possessed of the title to the undivided one-third of the property

described, and agreed to pay her its full value, regardless of his standing in the partnership. It was the theory of the defendant that all the partnership property was to be sold and conveyed to the corporation, and its value, issued in stock to the defendant, to be applied on the partnership accounts. While these accounts could not be settled in this suit if objection were made, still their condition was a pertinent inquiry in determining the probability of the contract as claimed by the plaintiff, and as asserted by the defendant. *Richardson* v. *McGoldrick*, 43 Mich. 476; *Colwell* v. *Adams*, 51 Mich. 491; *Campau* v. *Moran*, 31 Mich. 280; *Banghart* v. *Hyde*, 94 Mich. 49.

Most of the errors assigned arise upon the erroneous view of the case taken by the circuit judge that the condition of the partnership and the rights of partners could have no bearing upon the issue. We need not, therefore, consider them in detail.

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.