## NEW YORK CENTRAL RAILROAD COMPANY v. MICHIGAN MILK PRODUCERS ASSOCIATION.

1. PRINCIPAL AND AGENT — EVIDENCE — NEGLIGENCE — SUBSEQUENT EVENT.

   Evidence that defendant corporation had, after collision, fired owner of truck which had derailed plaintiff's single-car train, was competent, material, and relevant, and bore on main issue of agency, hence, its exclusion is *held*, reversible error, where decision was adverse to plaintiff and consideration of such evidence in the nonjury case might have resulted in a different finding by the trier of the facts.

2. EVIDENCE—EXCLUSION—EVALUATION BY TRIER OF FACTS.

   The exclusion of evidence which cannot be said not to have affected the substantial rights of the parties offering it may not be characterized as harmless, as justice requires evaluation of evidence by the trier of the facts rather than by an appellate court.

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—MOOT QUESTION.

   Whether trial court in nonjury case reached a clearly erroneous finding of fact in finding no relationship between defendant corporation and defendant owner of truck which derailed plaintiff's single-car train, and whether trial court erred in denying plaintiff a partial new trial to permit introduction of evidence admitted in a companion case tried afterward, *held*, moot, where it is determined exclusion of evidence on issue of agency between such 2 defendants was reversible error.

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur 2d, Agency § 348.
[2] 20 Am Jur, Evidence § 1177.
[3] 5 Am Jur 2d, Appeal and Error §§ 761–763.
[4, 6] 58 Am Jur, Witnesses §§ 614, 615, 618, 619, 648.
[5] 58 Am Jur, Witnesses § 648.
[7, 8] 24 Am Jur 2d, Dismissal, Discontinuance and Non-suit §§ 53, 54, 72.
39 Am Jur, Parties § 97.

4. Witnesses—Cross-Examination—Agency—Adverse Party.

Refusal of trial court to permit plaintiff, under the statute, to cross-examine a witness who had been dismissed as a party defendant after settlement, or to refresh his recollection by use of a written statement witness had given to his own attorney shortly after the accident, *held*, proper, where the witness was not an adverse party at the time of trial, and in view of the broad depositional powers available to litigants under a Court Rule, it would seem unnecessary to permit it where the purpose of the cross-examination would be to elicit testimony to establish an agency relationship between the witness and defendant corporation (CLS 1961, § 600.2161; GCR 1963, 302).

5. Same—Cross-Examination—Dismissed Party.

The statute relative to cross-examination of a party does not accord the right to cross-examine a witness after his dismissal as a party (CLS 1961, § 600.2161).

6. Same—Cross-Examination—Discretion of Court.

The denial of right to cross-examine witness who had been dismissed as a party defendant at the beginning of the trial was not an abuse of discretion, where the cross-examination sought to elicit testimony to establish an agency relation between defendant corporation and the witness (CLS 1961, § 600.2161).

7. Judgment—Dismissal of Defendant—Prejudice.

The dismissal of a party by an order omitting to state that it was with prejudice is regarded as a dismissal without prejudice and not an adjudication on the merits (GCR 1963, 504.1).

8. Release—Dismissal of Defendant Without Prejudice.

Rule that the release of a servant-agent releases a master-principal does not apply where there was no release by the dismissal of 1 of 2 defendants at the beginning of the trial without prejudice (GCR 1963, 504.1).

Appeal from Wayne; Canham (James N.), J. Submitted Division 1 May 14, 1965, at Detroit. (Docket No. 216.)    Decided July 12, 1966.

Declaration by New York Central Railroad Company, a Michigan corporation, against Michigan Milk Producers Association (MMPA), a Michigan corporation, and Elmer Myers for damages to train

caused by a collision between train of plaintiff and truck owned by defendant Myers. Before trial plaintiff reached a settlement with defendant Myers, who was dismissed as a party. Judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Edward M. Miller,* for plaintiff.

*Alexander, Buchanan & Conklin (G. Cameron Buchanan,* of counsel), for defendant.

T. G. Kavanagh, J. A train owned by plaintiff New York Central Railroad was damaged in a collision with a truck on April 6, 1960. The truck was owned by Elmer Myers and was engaged in hauling milk to the defendant MMPA at the time of the accident. This suit for damages originally named both Myers and MMPA defendants, but a settlement was reached with Myers and the cause dismissed by stipulation as to him but continued against MMPA.

The plaintiff's theory on which the suit was tried asserted that MMPA was the principal and Myers was the agent in the milk business and under the doctrine of *respondeat superior,* MMPA was responsible for the damage to the train.

The defendant denied that Myers was its agent and asserted that he was an independent contractor hired by the farmer members of the association to deliver milk to its collection depots.

The case was tried by the court without a jury and a judgment of no cause of action was entered.

Plaintiff's appeal from this judgment makes five assertions of error.

1. "Did the trial court, sitting without a jury, reach clearly erroneous findings of fact, in finding no relationship between appellee and Myers (a 'con-

tract hauler' of bulk milk) upon which appellee
might be held to respond for Myers' tort?"

2. "Did the trial court err in excluding otherwise
competent, material, and relevant evidence on the
ground that such evidence related to acts and trans-
actions which occurred after the accident out of
which this cause arose?"

3. "Did the trial court err in refusing to permit
plaintiff-appellant to cross-examine Mr. Myers, when
called as a witness, nor to refresh his recollection
by use of a written statement Myers had given to
his own attorney shortly after the accident?"

4. "Did the trial court err in denying appellant
a partial new trial so that appellant might introduce
evidence which had been admitted in a companion
case tried after, but adjudicated before this case?"

5. "Was the dismissal of this cause as to Myers
only, on the first day of the trial, a 'release' of de-
fendant-appellee, MMPA?"

Because the decision on the second question con-
trols our disposition of the appeal we treat it first.

The plaintiff sought to introduce evidence that
MMPA fired Myers after the accident. The trial
court ruled that anything after the accident was
immaterial and sustained the defendants' objection
to the introduction of this evidence. We think the
evidence was admissible.

The precise question was discussed in Mr. Justice
Dethmers' opinion in *DeCorte* v. *New York Central
Railroad Company* (1966), 377 Mich 317, a case aris-
ing out of the same accident as here involved. He
stated at page 332,

"Defendant complains of error in permitting evi-
dence of its having, in effect, fired Myers after the
accident. Plaintiff says it was material to the ques-
tion of the relationship between them, and indica-

tive of MMPA control over Myers in the milk-hauling enterprise. We think it was properly received."

This holding seems consistent with the following cases: *Tata* v. *Muskovitz* (1959), 354 Mich 695; *Goldman* v. *Century Insurance Company* (1958), 354 Mich 528, 535; *Detroit Iron & Steel Co.* v. *Detroit Gray Foundry Co.* (1927), 240 Mich 677.

We deem the exclusion of this evidence reversible error and accordingly remand the cause for a new trial.

We regard the exclusion of competent, material, relevant evidence bearing on the main issue of a trial reversible error where the party offering the evidence received an adverse factual determination of that issue and the consideration of such evidence might have resulted in a different finding by the trier of the fact. See *Starkweather* v. *Martin* (1874), 28 Mich 471 and *Colwell* v. *Adams* (1883), 51 Mich 491.

We cannot characterize the error as harmless as permitted by GCR 1963, 529.1, because we cannot say with assurance it did not affect the substantial rights of the party offering it. Justice requires that a party be given an evaluation of evidence by the trier of the fact rather than an evaluation of it by an appellate court.

In view of the foregoing the questions raised by the first and fourth assertions of error appear moot.

We see no reversible error in the third question raised.

Myers was not an adverse party at the time of the trial of the case. He could be cross-examined under the terms of the statute* only if he were an agent or employee. We are unable to find any authority for the proposition that the plaintiff should

---

* See CLS 1961, § 600.2161 (Stat Ann 1962 Rev § 27A.2161).—
REPORTER.

be permitted to cross-examine on his theory of agency. The case of *Jonescu* v. *Orlich* (1919), 208 Mich 89, contains language to that effect but it appears to be dictum.

The question should be left in the discretion of the trial court. Where the purpose of the cross-examination would be to elicit testimony to establish the agency, in view of the broad depositional powers available to litigants under GCR 1963, 302, it would seem unnecessary to permit it.

We do not find a right under the statute in this circumstance, nor do we view the denial of the privilege an abuse of discretion.

It appears from the record and the briefs of both parties that there was no formal ruling by the trial court on the issue raised by the fifth assertion of error. The necessary implication of the court's judgment, however, is that the dismissal of Myers did not operate to dismiss MMPA.

We so rule. The provisions of GCR 1963, 504.1 are dispositive of the matter. The record does not indicate that the dismissal was with prejudice and hence we regard it as without prejudice and not an adjudication on the merits. This fact distinguishes the present case from *Geib* v. *Slater* (1948), 320 Mich 316, which was overruled in part by *Moore* v. *Palmer* (1957), 350 Mich 363, at 394.

While the logic of the rule escapes us, it seems that in Michigan the release of a servant-agent, necessarily releases a master-principal, but here there was no release.

Reversed and remanded. Appellant may tax its costs.

QUINN, P. J., and FITZGERALD, J., concurred.