PEOPLE v. WEEMS

WITNESSES—IMPEACHMENT—CONVERSATION—ADMISSIBILITY—EXCEP-
TION TO THE HEARSAY RULE.

> Upon complainant's testimony in criminal trial that she never
> told anyone that she was not sure of the identity of defendant,
> it is error for a trial judge to refuse to allow defendant's
> mother to repeat a conversation she overheard between com-
> plaining witness and another person, which would tend to prove
> that complainant said she wasn't sure of the identification of
> the defendant, for such testimony would be admissible as an
> exception to hearsay rule for the purpose of impeaching plain-
> tiff's credibility as to a material issue in the case.

Appeal from Recorder's Court of Detroit, Scallen
(John P.), J. Submitted Division 1 December 3,
1968, at Detroit. (Docket No. 4,164.) Decided De-
cember 20, 1968. Rehearing denied February 14,
1969.

Willie E. Weems was convicted of robbery armed.
Defendant appeals. Reversed and remanded.

. *Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief Ap-
pellate Lawyer, and *Luvenia D. Dockett,* Assistant
Prosecuting Attorney, for the people.

*I. Goodman Cohen,* for defendant on appeal.

---

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur, Witnesses § 767 *et seq.*

Per Curiam. The defendant appeals his conviction of robbery armed.*

At the trial the complaining witness denied that she had told someone in the courtroom that she was not sure of her identification of the defendant. The following day the defendant's mother was called as a witness and testified she was seated alongside the complaining witness in the courtroom and that she had overheard a conversation between the complaining witness and another lady in reference to the case. The trial judge refused to allow the defendant's mother to repeat the conversation she had allegedly overheard. This was error. The testimony was admissible as an exception to the hearsay rule for the purpose of impeaching the credibility of the complainant on a material issue in the case. *People* v. *Babcock* (1942), 301 Mich 518, 530; *Strudgeon* v. *Village of Sand Beach* (1895), 107 Mich 496, 501. Compare *New York C. R. Co.* v. *Michigan Milk Producers Association* (1966), 3 Mich App 648, 652.

Reversed and remanded for a new trial.

Levin, P. J., and Holbrook and Rood, JJ., concurred.

---

* CLS 1961, § 750.529 (Stat Ann 1968 Cum Supp § 28.797).