POHLOD v GENERAL MOTORS CORPORATION

1. EVIDENCE—EXPERIMENTS—ADMISSIBILITY.

The admissibility of results of experiments is within the discretion of the trial court.

2. EVIDENCE—EXPERIMENTS—ADMISSIBILITY.

Refusal to admit into evidence the results of experiments is not an abuse of discretion where the experiments were carried out under conditions unlike those existing at the time of the events being litigated.

3. EVIDENCE—EXPERIMENTS—ADMISSIBILITY.

Experiments conducted on a 1963 Chevrolet convertible test vehicle with 51,000 miles on it on a concrete track may properly be excluded from evidence where the litigation involved a 1963 Chevrolet sports coupe stock vehicle with 8,000 miles on it on a blacktop road.

4. WITNESSES—COMPETENCE—MOTION TO STRIKE.

A motion to strike all of the testimony of a witness is properly denied where a portion of the testimony is competent.

5. NEGLIGENCE—CIRCUMSTANTIAL EVIDENCE.

Negligence may be established by either direct evidence, or by circumstantial evidence sufficient to take the case out of the realm of conjecture and within the field of legitimate inference from established facts.

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 29 Am Jur 2d, Evidence §§ 818–822, 825.
   30 Am Jur 2d, Evidence §§ 1090, 1104.
   Admissibility of experimental evidence to show visibility or line of vision, 76 ALR2d 365 s. 78 ALR2d 152.
[4] 29 Am Jur 2d, Evidence § 257.
[5, 6] 29 Am Jur 2d, Evidence § 265.
   30 Am Jur 2d, Evidence §§ 1120, 1121.
[6] 63 Am Jur 2d, Products Liability §§ 23, 82.
   Liability of manufacturer or seller for injury caused by automobile or other vehicle, aircraft, boat, or their parts, supplies, or equipment, 78 ALR2d 460.

6. NEGLIGENCE—MANUFACTURERS—CIRCUMSTANTIAL EVIDENCE.

A *prima facie* case of negligence in the manufacture of plaintiffs' car was established by testimony that the car veered out of control and flipped over, that the left front ball joint was defective, and that the failure of this part could have been the cause of the accident.

Appeal from Saginaw, Joseph R. McDonald, J. Submitted Division 3 February 1, 1972, at Grand Rapids. (Docket No. 9701.) Decided May 24, 1972.

Complaint by John and Helen Pohlod against General Motors Corporation for breach of warranties and negligence. Judgment for plaintiff. Defendant appeals. Affirmed.

*Egloff, Mainolfi, Taylor, McGraw & Collison,* for plaintiff.

*Smith & Brooker, P. C.* (by *Webster Cook* and *Mona C. Doyle),* for defendant.

Before: FITZGERALD, P. J., and R. B. BURNS and HOLBROOK, JJ.

HOLBROOK, J. On March 14, 1964, plaintiffs were owners of a 1963 Chevrolet sports coupe automobile. On that date, they were proceeding in the vehicle on East Dayton Road near Caro, Michigan. Suddenly the vehicle veered to the left, flew through the air and landed on its top. Both plaintiffs were injured.

Plaintiffs claimed that a defective left front ball joint caused the vehicle to go out of control and turn over. They brought suit against the defendant, General Motors Corporation, alleging breach of warranties, and negligence in the design, manufacture, and assembly of the vehicle.

Defendant claimed that the accident was caused entirely by the negligent driving of plaintiff John Pohlod, Jr.

From a jury verdict in favor of plaintiffs, defendant appeals, and raises three issues for determination.

## I.

Whether the trial court abused its discretion by refusing to admit into evidence the testimony of defendant's expert witness concerning certain out-of-court experiments upon which he allegedly formed a part of the basis of his opinion pertaining to the cause of the accident here involved?

It is well-established that the determination of the admissibility of results of experiments as evidence is within the discretion of the trial court. *People v Auerbach,* 176 Mich 23 (1913); *Taylor v Hannon-Colvin Post 180 of American Legion,* 6 Mich App 398 (1967). Its decision will not be set aside unless there is a clear abuse of discretion, and it is not an abuse of discretion to reject evidence of tests taken under conditions not similar to those obtaining with respect to the litigated happening. *Auerbach, supra; Taylor, supra.* The burden rests on the party presenting the evidence to satisfy the court that the necessary similar conditions exist. 32 CJS, Evidence, § 584, p 714.

The defendant sought to have the results of tests performed on a 1963 Chevrolet convertible with respect to the front ball joint admitted into evidence to establish a basis for their expert witness's opinion as to the cause of the accident here involved. The testimony concerning the test was taken out of the hearing of the jury as provided by GCR 1963, 604. The trial court refused to admit the test as evidence because of the lack of similar

conditions between the test and the conditions existent at the time of the accident. In so ruling, the court said:

"The court is not admitting the tests, because it does not feel that the tests were conducted under similar circumstances, and it certainly does not comply with the testimony as to the way the accident happened, as presented in this record, the eye witnesses produced by both plaintiffs and defendant, indicating the car was out of control, and the part that has been introduced into the record as Exhibit '26', that was removed from the car, being different than the part used in the tests; specifically, that the shaft, as stated, was on the Exhibit '26', was not completely intact; in fact, I believe, as part of the segregated record, it was 3/10ths of an inch as compared to its normal 9/10ths of an inch.

"The court feels that under all the circumstances of the case and the facts that have come in, that this was not a similar test, and will not admit the test as made."

In addition to these circumstances and facts enumerated by the trial court, the record reveals further dissimilar conditions. The test vehicle was a convertible rather than a sports coupe; the test vehicle had 51,000 miles on it whereas the Pohlod vehicle had 8,000 miles; the test car had a new part placed on it which was a necessary part of the steering system; the track used for the test was made of concrete construction whereas East Dayton Road, where the accident occurred, was of blacktop construction.

In view of the aforesaid facts and circumstances, it is apparent that the defendant failed to sustain its burden of establishing the substantial similarity of conditions between the tests sought to be admitted and the conditions existent within the litigated happening. As such, the trial court did not abuse its discretion in refusing to admit the tests as evidence.

## II.

Whether the trial court erred in denying the defendant's motion to strike *all* of the testimony of the plaintiffs' witness?

Plaintiffs qualified one of their witnesses as an expert metallurgist. On direct examination he testified, without objection, as to certain matters within his expertise. On cross-examination by defendant, he testified as to matters both within and outside of the area of his expertise. Defendant, thereafter, moved to strike *all* of this expert's testimony from the record. The court ruled:

"This man has been introduced and qualified as an expert in metals, the failure of metals. This is what he's testified. Now, you've gone beyond this into mechanical stresses and strains, which this witness has testified that he's not an expert in. Now, you want me to strike all of his testimony. Mr. McAra, you went into a field with this man, when he stated, under oath, that he's not a specialist. Now, you ask me to strike the testimony where he is a specialist. I'm not going to do it. I would overrule your motion."

A motion to strike out *all* of the testimony of a witness on a given subject is properly denied where a portion of the testimony is competent. *Totten v Burhans,* 103 Mich 6 (1894); *Meech v Veenstra,* 216 Mich 629 (1921). Here, a portion of the expert's testimony was competent. Defendant's motion to strike *all* the expert's testimony, both competent and incompetent, was too broad, and the trial court's discretionary denial was proper.

## III.

Whether the trial court erred in permitting the jury to consider the question of negligence in the

manufacture, assembly and design of the ball joint assembly in the Pohlod's 1963 Chevrolet?

Negligence may be established by either direct or circumstantial evidence. A *prima facie* case is made where circumstances are such as to take the case out of the realm of conjecture and within the field of legitimate inference from established facts. *Gadde v Michigan Consolidated Gas Co,* 377 Mich 117 (1966); *Lipsitz v Schechter,* 377 Mich 685 (1966); *Shirley v The Drackett Products Co,* 26 Mich App 644 (1970).

The record reveals that the plaintiffs' vehicle veered to the left and flipped over. There was testimony from which it could be inferred that the left front ball joint on the vehicle was defective in design, manufacture, or assembly. Further testimony indicated that failure of this part could have been the cause of the accident. Under these facts and circumstances, a *prima facie* case was established which required the jury to determine the question of negligence of the defendant. The trial court's submission of this question to the jury was not clearly erroneous.

Affirmed. Costs to plaintiffs.

All concurred.