CENTRAL FABRICATORS, INC. v BIG DUTCHMAN DIVISION OF
US INDUSTRIES, INC.

1. APPEAL AND ERROR—VERDICT—JUDGMENT NOTWITHSTANDING VER-
   DICT—MOTIONS.

   A reviewing court may not reverse the findings of a jury unless
   reasonable minds could not disagree; where a trial judge has
   reviewed the verdict on a motion for judgment notwithstanding
   the verdict and approved it, appellate review is even more
   limited.

2. EVIDENCE—HEARSAY—BUSINESS RECORDS EXCEPTION—STATUTES.

   A writing made as a memorandum of any act, transaction,
   occurrence or event, in order to be admissible under the busi-
   ness records exception to the hearsay rule, must have been
   made in the regular course of business and it must have been
   the regular course of such business to make such memorandum
   or record at the time of such act, transaction, occurrence or
   event, or within a reasonable time thereafter (MCLA 600.2146).

3. EVIDENCE—HEARSAY—BUSINESS RECORDS EXCEPTION.

   A memo written by executives of a defendant corporation was
   admissible under the business records exception to the hearsay
   rule where the memo in question was a record prepared in the
   course of a systematic office procedure to record information
   relating to, and to be used in, the routine operation of business,
   and the defendant's executives routinely and in the course of
   carrying out their business communicate with each other by
   means of written memos.

4. EVIDENCE—HEARSAY—BUSINESS RECORDS EXCEPTION.

   A writing which qualifies as a business record in Michigan is
   admissible without the necessity of having its author testify.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 608, 886.
[2–4] 30 Am Jur 2d, Evidence §§ 927, 929, 931, 933.
[5] 29 Am Jur 2d, Evidence §§ 666, 667.
[6] 30 Am Jur 2d, Evidence § 979.

5. EVIDENCE—HEARSAY—ADMISSIONS BY AGENT—CORPORATIONS—
STATUTES.

The admission of any member of a corporation shall not be received as evidence against such corporation in suits by or against a corporation, unless such admission was made concerning some transaction in which such member was the authorized agent of such corporation (MCLA 600.2151).

6. APPEAL AND ERROR—EVIDENCE—EXCLUSION OF EVIDENCE—REVERSIBLE ERROR.

A judgment will not generally be reversed for errors in the exclusion of evidence unless a substantial injustice has resulted; the exclusion of competent, material, relevant evidence bearing on the main issue of a trial is reversible error where the consideration of such evidence might have resulted in a different finding by the trier of fact.

Appeal from Ottawa, Wendell A. Miles, J. Submitted Division 3 April 10, 1975, at Grand Rapids. (Docket No. 20884.) Decided June 11, 1975. Leave to appeal granted, 395 Mich —.

Complaint by Central Fabricators, Inc., against Big Dutchman Division of U.S. Industries, Inc., for an amount due and owing on open account. Counter-complaint by defendant for damages arising out of breach of express and implied warranties. Judgment for plaintiff. Defendant appeals. Reversed and remanded.

*Smith, Haughey, Rice, Roegge & Gould,* for plaintiff.

*Warner, Norcross & Judd (William K. Holmes,* of counsel), for defendant.

Before: T. M. BURNS, P. J., and McGREGOR and D. F. WALSH, JJ.

T. M. BURNS, P. J. Plaintiff Central Fabricators

sued the defendant, Big Dutchman, a Division of U.S. Industries, for the amount they claim due and owing on open account. The alleged account arose out of the sale by Central Fabricators to Big Dutchman of products known as "Dur-A-Frames" and "Econ-A-Frames". Big Dutchman counterclaimed alleging that Central Fabricators had breached express and implied warranties regarding the frames Central had designed and built and requested damages for lost profits and out-of-pocket losses. The out-of-pocket losses reflect expenses incurred by Big Dutchman in connection with a program it had initiated to repair some of the defective frames.

The question of whether there were design errors in the "Dur-A-Frames" was hotly contested at trial. In an attempt to show that Central Fabricators had admitted that the "Dur-A-Frames" were defective, defendant offered into evidence a memorandum dated December 23, 1963. This memo is from Abe Severson, an executive of Big Dutchman, to Pres Rigterink and Roger Essenburg, also executives of Big Dutchman, alluding to a telephone conversation between Severson and Arthur Blyveis, president of Central Fabricators. Defendant offered this memo as proof of a concession by plaintiff of an engineering error in the "Dur-A-Frames". However, the trial court refused to admit this memo into evidence.

The trial concluded on December 14, 1973, when the jury returned a verdict for plaintiff and denied relief to defendant on its counterclaim. Judgment was entered on the verdict on January 8, 1974, and on January 28, 1974, the defendant filed motions for a new trial and for judgment notwithstanding the verdict. On May 7, 1974, the trial court filed its opinion denying the motions, and an

order to that effect was entered on June 12, 1974. This appeal followed.

Defendant first claims on appeal that the jury's verdict was against the great weight of the evidence.

Recently, in *Armstrong v Ann Arbor,* 58 Mich App 359, 364; 227 NW2d 343 (1975), this Court said:

"Likewise, appellate courts are reluctant to reverse the decisions of juries when the facts are presented to them which would justify the verdict. The members thereof have the opportunity to observe the witnesses and determine the credibility of their testimony far better than an appellate court which must judge from a cold record. As we said in *Ford v American National Ins Co,* 46 Mich App 368, 372; 208 NW2d 226 (1973):

" 'We note that a reviewing court may not reverse the findings of a jury unless reasonable minds could not disagree. *Schweim v Johnson,* 10 Mich App 81; 158 NW2d 822 (1968). A jury's verdict is entitled to an even higher degree of appellate respect than a trial judge's factual findings. *Humphrey v Swan,* 14 Mich App 683; 166 NW2d 17 (1968). Where, as here, the trial judge has reviewed the verdict and approved it, appellate review is even more limited. *Termaat v Bohn Aluminum and Brass Co,* 362 Mich 598; 107 NW2d 783 (1961).' Also, see *Booth v Bond,* 354 Mich 561; 93 NW2d 161 (1958)."

The trial in this case lasted five days and consumed over 900 pages of transcript. In its opinion denying defendant's motions for a new trial and judgment notwithstanding the verdict, the trial court reviewed and approved the jury verdict, and in doing so, gave several reasons for its decision. After a careful review of the record, we agree with that decision.

Defendant's second and final argument is that the trial court erred reversibly in refusing to

admit into evidence the December 23, 1963, memo between defendant's executives.

Defendant asserts that since the memo was a writing between executives of a corporation made in the regular course of business, it should have been admitted into evidence as an exception to the hearsay rule under MCLA 600.2146; MSA 27A.2146, that is, the business records exception.

MCLA 600.2146; MSA 27A.2146, provides:

"Any writing or record whether in the form of an entry in a book or otherwise, made as a memorandum of any act, transaction, occurrence or event shall be admissible in evidence in all trials, hearings and proceedings in any cause or suit in any court, or before any officer, arbitrators, or referees, in proof of said act, transaction, occurrence or event if it was made in the regular course of any business and it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter. All other circumstances of the making of such writing or record including lack of personal knowledge by the entrant or maker, may be shown to affect its weight but not its admissibility. The term 'business' shall include business, profession, occupation and calling of every kind. The lack of an entry regarding any act, transaction, occurrence or event in any writing or record so proved may be received as evidence that no such act, transaction, occurrence or event did, in fact, take place. Any photostatic or photographic reproduction of any such writing or record shall be admissible in evidence in any such trial, hearing or proceeding by order of the court, made within its discretion upon motion with notice of not less than 4 days. All circumstances of the making of such photostatic or photographic reproduction may be shown upon such trial, hearing or proceeding to affect the weight but not the admissibility of such evidence."

Thus, in order to be admissible under this excep-

tion to the hearsay rule, the writing, made as a memorandum of any act, transaction, occurrence or event, must have been made in the regular course of business and it must have been the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter. In the case at bar, the memo in question was a record prepared in the course of a systematic routine office procedure to record information relating to, and to be used in, the routine operation of business. It was clearly established at trial that such memos were kept in the ordinary course of business by defendant and that defendant's executives routinely and in the course of carrying on their business communicated with each other by means of written memos concerning matters of importance. In particular, this memo was prepared in a routine manner to communicate to various officers of the corporation a matter of great importance relative to the selling of building frames. Therefore, the memo was clearly admissible under the business records exception to the hearsay rule.

Plaintiff maintains, however, that even if the memo falls under the business records exception, it nevertheless should not be admissible since plaintiff did not have the opportunity to cross-examine its author. This contention is meritless in light of the fact that both Michigan and Federal courts have held that where a writing qualifies as a business record in Michigan, it is admissible without the necessity of having its author testify. See *Willmore v Hertz Corporation,* 437 F2d 357 (CA 6, 1971), *People v Kirtdoll,* 391 Mich 370; 217 NW2d 37 (1974).

Plaintiff next claims that the memo is inadmissi-

ble because it purports to convey the out-of-court statement of Mr. Blyveis, plaintiff's president. In other words, plaintiff claims we have a "double hearsay" problem present. It is true that if the out-of-court statement of Mr. Blyveis, contained in the memorandum and asserted as being true, does not fit an exception to the hearsay rule, the memorandum is inadmissible. *People v Brown,* 49 Mich App 358; 212 NW2d 55 (1973). However, we do not have that problem in this case, since the statement contained in the memorandum does fall within another exception to the hearsay rule.

It is a clear exception to the hearsay rule that admissions by a party's representative are admissible. *Owen v Birmingham Federal Savings & Loan Association,* 27 Mich App 148, 161; 183 NW2d 403 (1970), McCormick, Evidence, § 244, p 517. In the case at bar, plaintiff is the party against whom the admission is to be used, since at the time the statement was made, Mr. Blyveis was president of the corporation and general manager of fabrication. Admissions made by corporate representatives are admissible by statute in Michigan. MCLA 600.2151; MSA 27A.2151, provides:

"In suits by or against a corporation, the admission of any member thereof not named on the record as a party to such suit shall not be received as evidence against such corporation, *unless such admission was made concerning some transaction in which such member was the authorized agent of such corporation.*" (Emphasis added.)

In light of this statute, plaintiff's "double hearsay" claim must fail.

Finally, plaintiff claims that even if Mr. Blyveis' statement is an admission, it is still inadmissible since it also was based on hearsay. Plaintiff argues

that since Mr. Blyveis did not have an engineering background, his statement must have been based on what he was told by members of his engineering staff. Even if we were to assume that Mr. Blyveis, as general manager of fabrication, did not know of the defect in the frames from his own knowledge, one still may adopt another's statement as his own. That is an explicit admission like any other and is to be classed as an express admission. McCormick, Evidence, § 246, p 525.

Therefore, since the memorandum in the instant case was not based upon unreliable hearsay but rather on traditional hearsay exceptions, the trial court erred in refusing to admit said memorandum into evidence. Having reached this conclusion, we must now consider whether this refusal to admit the memorandum was so prejudicial as to warrant reversal of the jury's verdict.

Errors in the exclusion of evidence generally will not upset a judgment unless a substantial injustice has resulted. *Illenden v Illenden,* 46 Mich App 710, 714; 208 NW2d 565 (1973), GCR 1963, 529.1. However, in *New York Central R Co v Michigan Milk Producers Association,* 3 Mich App 648, 652; 143 NW2d 590 (1966), this Court, in holding an exclusion of evidence to be reversible error requiring a new trial, said:

"We regard the exclusion of competent, material, relevant evidence bearing on the main issue of a trial reversible error where the party offering the evidence received an adverse factual determination of that issue and the consideration of such evidence might have resulted in a different finding by the trier of fact. See *Starkweather v Martin,* 28 Mich 471 (1874) and *Colwell v Adams,* 51 Mich 491; 16 NW 870 (1883).

"We cannot characterize the error as harmless as permitted by GCR 1963, 529.1, because we cannot say with assurance it did not affect the substantial rights of

the party offering it. Justice requires that a party be given an evaluation of evidence by the trier of fact rather than an evaluation of it by an appellate court."

Such is the case here. The excluded evidence was competent, material and relevant to the main issue of the trial. Defendant, the offeror of the evidence, received an adverse factual determination at trial. Furthermore, consideration of this evidence might have resulted in a different finding by the jury, especially in view of the fact that the issue of whether such a statement was made was hotly contested at trial. Accordingly, we cannot say that the trial court's error was harmless.

Reversed and remanded for a new trial.