## CENTRAL FABRICATORS, INC v BIG DUTCHMAN DIVISION of US INDUSTRIES, INC

Docket No. 57229. Argued October 5, 1976 (Calendar No. 5).—Decided December 21, 1976.

Central Fabricators, Inc., brought an action against Big Dutchman Division of U.S. Industries, Inc., on open account for failure to pay for building frames. The defendant counterclaimed for damages arising out of breach of express and implied warranties in the design and construction of the frames. A jury in Ottawa Circuit Court, Wendell A. Miles, J., returned a verdict for plaintiff. The Court of Appeals, T. M. Burns, P. J., and McGregor and D. F. Walsh, JJ., held that a memorandum reporting a telephone conversation of executives of the two companies concerning design errors in the frames was erroneously excluded from evidence and reversed (Docket No. 20884). Plaintiff appeals. *Held:*

1. The "business records" exception to the hearsay rule allows the admission of records made in the regular course of business because of their trustworthiness. The words "regular course of business" include the concept that the circumstances must be such as to safeguard against any crude bias on the part of persons making the records. In practice regular business entries have a comparatively high degree of accuracy, as compared to other memoranda, because such books and records are customarily checked by systematic balance-striking, because the regularity and continuity of the records trains the record-keeper in habits of precision, and because business and other activities constantly function in reliance upon entries of this kind.

2. A memorandum of a telephone conversation is not typical of entries made systematically or as a matter of routine to record events or occurrences, to reflect transactions with oth-

References for Points in Headnotes

[1–3] 29 Am Jur 2d, Evidence §§ 382, 383.

Admissibility of telephone conversations in evidence. 105 ALR 326.

[2, 3] 30 Am Jur 2d, Evidence §§ 932, 935.

Memorandum of telephone conversations as admissible in evidence. 167 ALR 405.

ers, or to provide internal controls. The memorandum was therefore properly excluded from evidence as hearsay and did not qualify to be admitted as a "business record". Evidence introduced at trial to show the regularity of recording the contents of telephone conversations was at best equivocal and contradictory. Thus, it was not established that the memorandum was made in the regular course of business or that it was the regular course of the business to make such a memorandum within a reasonable time after the telephone conversations.

Reversed and judgment for plaintiff reinstated.

62 Mich App 123; 233 NW2d 212 (1975) reversed.

1. EVIDENCE—HEARSAY—BUSINESS RECORDS—ADMISSIBILITY.

An interoffice memorandum between corporate executives of a telephone conversation with a customer was properly excluded from evidence as hearsay and did not qualify to be admitted under the "business records" exception to the hearsay rule where evidence introduced to show the regularity of recording the contents of telephone conversations at the corporation was at best equivocal and contradictory (MCL 600.2146; MSA 27A.2146).

2. EVIDENCE—HEARSAY—BUSINESS RECORDS—ADMISSIBILITY.

The words "regular course of any business" in the statute providing the "business records" exception to the hearsay rule include the concept that the circumstances under which the record was made must be such as to safeguard against any crude bias on the part of persons making the records (MCL 600.2146; MSA 27A.2146).

3. EVIDENCE—HEARSAY—BUSINESS RECORDS—ADMISSIBILITY.

The fact that a corporation makes it a practice to have its employees write down the substance of some telephone calls does not necessarily qualify the resulting memoranda as records made in the regular course of its business thereby requiring their admissibility (MCL 600.2146; MSA 27A.2146).

*Smith, Haughey, Rice & Roegge* (by *Lance R. Mather)* for plaintiff.

*Warner, Norcross & Judd* (by *William K. Holmes* and *Gregory G. Prasher)* for defendant.

KAVANAGH, C. J. We granted leave to appeal to

determine whether an interoffice memorandum between corporate executives, of a purported telephone conversation with a customer, should have been admitted at trial as a "business records" exception to the hearsay rule.

We hold that this exhibit was properly excluded by the trial court. The Court of Appeals is reversed.

Plaintiff Central Fabricators, Inc., sold prefabricated building frames to defendant Big Dutchman. After a number of buildings collapsed, defendant refused to pay on its account for certain of the frames. Plaintiff sued and defendant counterclaimed for breach of warranty.

The jury returned a verdict for plaintiff Central Fabricators and denied relief on Big Dutchman's counterclaim.

The Court of Appeals reversed and ordered a new trial. 62 Mich App 123; 233 NW2d 212 (1975).

The sole issue in this case concerns the refusal of the trial court to admit into evidence Big Dutchman's proposed "exhibit F". That exhibit was a memorandum purportedly authored by Mr. Severson, a vice-president of Big Dutchman, addressed to two other executives of that company, allegedly reporting on a telephone conversation between Mr. Severson and a Mr. Blyveis, the general manager of Central Fabricators, in which Mr. Blyveis was reported to have admitted design errors in some of the building frames.

Proposed exhibit F reads as follows:

"December 23, 1963
"MEMO TO:  Roger Essenburg
            Pres Rigterink
"SUBJECT:  8 × 40 and 8 × 44 Dur-A-Frames

"Art Blyveis reports that there is a design error in the 8 × 40 and 8 × 44 Dur-A-Frames which dates back

to nearly four years or more ago. I received this information from Art Blyveis on December 23, 1963. Kay Spooner is checking other sizes to determine if there are any other errors. We have had a lot of 8 × 40 Dur-A-Frames sold and erected the past several years that will require correction, according to Art.

"Another problem is in future orders. Art states the error can be corrected on frames shipped on new orders.

"The Central Pipe and Steel insurance companies are working on the problems of the Jack Dean buildings and Herm DeVisser building.

> "(s) *Abe*
> Abe Severson
> Vice President—
> Operations

"db
"cc: R.A. DeWitt
    Jack DeWitt
    Hertel, Burma
    Art Blyveis."

This exhibit was offered by Big Dutchman to support its contention that the "8 × 40 Dur-A-Frame" was defectively designed.

Mr. Severson, the purported author of the memorandum, was not present at the trial.

Defendant argued that the memorandum was admissible under the business records exception to the hearsay rule. The trial court disagreed and refused to admit the memorandum.

MCLA 600.2146; MSA 27A.2146 provides in pertinent part:

"Any writing or record whether in the form of an entry in a book or otherwise, made as a memorandum of any act, transaction, occurrence or event shall be admissible in evidence in all trials, hearings and proceedings in any cause or suit in any court, or before any

officer, arbitrators, or referees, in proof of said act, transaction, occurrence or event if it was made in the regular course of any business and it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter. All other circumstances of the making of such writing or record including lack of personal knowledge by the entrant or maker, may be shown to affect its weight but not its admissibility. The term 'business' shall include business, profession, occupation and calling of every kind. The lack of an entry regarding any act, transaction, occurrence or event in any writing or record so proved may be received as evidence that no such act, transaction, occurrence or event did, in fact, take place."

The Court of Appeals, in finding the memorandum to be admissible under the statute, stated:

"In the case at bar, the memo in question was a record prepared in the course of a systematic routine office procedure to record information relating to, and to be used in, the routine operation of business. It was clearly established at trial that such memos were kept in the ordinary course of business by defendant and that defendant's executives routinely and in the course of carrying on their business communicated with each other by means of written memos concerning matters of importance. In particular, this memo was prepared in a routine manner to communicate to various officers of the corporation a matter of great importance relative to the selling of building frames. Therefore, the memo was clearly admissible under the business records exception to the hearsay rule." 62 Mich App at 128.

We disagree with the Court of Appeals conclusion. The exception to the hearsay rule for records made in the regular course of business

"is justified on grounds analogous to those underlying

other exceptions to the hearsay rule. Unusual reliability is regarded as furnished by the fact that in practice regular entries have a comparatively high degree of accuracy (as compared to other memoranda) because such books and records are customarily checked as to correctness by systematic balance-striking, because the very regularity and continuity of the records is calculated to train the record-keeper in habits of precision, and because in actual experience the entire business of the nation and many other activities constantly function in reliance upon entries of this kind." McCormick's Handbook of the Law of Evidence (2d ed), § 306, p 720.[1]

The leading case on the business records exception is *Palmer v Hoffman,* 318 US 109; 63 S Ct 477; 87 L Ed 645 (1943). In *Palmer,* the engineer of a train involved in a crossing accident signed a statement which was a stenographic record of an interview between himself and a superintendent of the railroad. The statement represented the engineer's version of the accident. The engineer died prior to trial and the defendants attempted to admit this statement under the Federal business records exception statute.[2]

The trial court excluded the statement, and the Supreme Court affirmed, finding that this report was

"not a record made for the systematic conduct of the business as a business. An accident report may affect that business in the sense that it affords information on which the management may act. It is not, however, typical of entries made systematically or as a matter of routine to record events or occurrences, to reflect transactions with others, or to provide internal controls. * * * The probability of trustworthiness of records

---

[1] *See also* 5 Wigmore on Evidence (Chadbourn rev), §§ 1517–1561(b).

[2] 28 USC 695, now 28 USCA 1732. That statute is not significantly different from the Michigan statute considered in this case.

because they were routine reflections of the day to day operations of a business would be forgotten as the basis of the rule." 318 US at 113–114.

The United States Court of Appeals for the Second Circuit in the same case reviewed at length the background and rationale of the business records exception and found that

"the words 'regular course of business', * * * have always included the concept that the circumstances must be such as to safeguard against any crude bias on the part of persons making the records * * * ". *Hoffman v Palmer,* 129 F2d 976, 983 (CA 2, 1942).

Rule 803(6) of the Federal Rules of Evidence specifically recognizes the problems reviewed in *Palmer* and makes admissible:

"(6) Records of regularly conducted activity. A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, *unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness."* (Emphasis added.)[3]

The fact that a corporation makes it a practice to have its employees write down the substance of

---

[3] This Court recently stated that

"the business entry statute as enacted by the Legislature and interpreted in civil cases carefully secures the trustworthiness of the material admissible into evidence. As a consequence, there is reasonable assurance that only the truth will be presented in evidence and that the safeguard of cross-examination is not necessary to assure the truth." *People v Kirtdoll,* 391 Mich 370, 389; 217 NW2d 37 (1974).

some telephone calls hardly qualifies the resulting memoranda as records made in the regular course of business thereby requiring their admissibility.

We agree with the observation of the United States Supreme Court that:

"Any business by installing a regular system for recording and preserving its version of accidents for which it was potentially liable could qualify those reports under the act. The result would be that the act would cover any system of recording events or occurrences provided it was 'regular' and though it had little or nothing to do with the management or operation of the business as such." *Palmer v Hoffman, supra,* 318 US at 113.[4]

Proposed exhibit F does not qualify as a business records exception to the hearsay rule. First, it was not established that the memorandum was "made in the regular course of * * * business". Second, it was not established that "it was the regular course of such business to make such memorandum * * * at the time of such act * * * or event or within a reasonable time thereafter". Evidence introduced at trial to show the regularity of recording the contents of telephone conversations was at best equivocal and contradictory. Consequently, the requirements of MCLA 600.2146; MSA 27A.2146 were not met.

When measured against the rationale of the

---

[4] The United States Court of Appeals in *Palmer* made a similar observation:

"And so with 'regular course of business' as applied to records or memoranda in an evidence statute. To a layman, the words might seem to mean any record or paper prepared by an employee in accordance with a rule established in that business by his employer. But according to the jargon of lawyers and judges those words, in discussions of evidence, have always meant writings made in such a way as to afford *some* safeguards against the existence of any *exceptionally* strong bias or *powerful* motive to misrepresent." *Hoffman v Palmer,* 129 F2d 976, 984 (CA 2, 1942).

business records exception to the hearsay rule recognized in Michigan's statute, it is clear that to admit the memorandum presented in this case would be "a real perversion of a rule designed to facilitate admission of records which experience has shown to be quite trustworthy". *Palmer v Hoffman, supra,* 318 US at 113.

The trial court properly held this memorandum inadmissible, and accordingly, the Court of Appeals is reversed and the jury's verdict in favor of plaintiff is reinstated.

Costs to plaintiff.

WILLIAMS, LEVIN, COLEMAN, FITZGERALD, LINDEMER, and RYAN, JJ., concurred with KAVANAGH, C. J.