PHILLIPS v J. L. HUDSON COMPANY

1. PRODUCTS LIABILITY—EVIDENCE—SUBSEQUENT REMEDIAL MEASURES
   —NEGLIGENCE—CULPABLE CONDUCT—PROOF OF DEFECTS.

   Evidence of subsequent remedial measures is generally not ad-
   missible when offered to prove negligence or culpable conduct
   on the part of a defendant, and policy considerations that
   preclude the admission of such evidence to prove negligence are
   equally applicable where the fact to be proven is a product
   defect.

2. TRIAL—WITNESSES—ADVERSE WITNESSES—ABSENCE OF WITNESSES—
   COMMENT OF COUNSEL—IMPORTANCE OF TESTIMONY—CONTINU-
   ANCES.

   Counsel may not properly comment upon the absence of an
   adverse party's witness unless there is some showing that the
   missing testimony is important and material.

3. PRODUCTS LIABILITY—THEORIES OF RECOVERY—STRICT LIABILITY.

   Strict liability in product liability cases is not recognized as a
   theory of recovery in Michigan.

4. APPEAL AND ERROR—INSTRUCTIONS TO JURY—FAILURE TO OBJECT—
   MANIFEST INJUSTICE.

   The Court of Appeals will not reverse a jury's verdict because of
   a claim of erroneous instructions where there was no trial
   objection to the instructions given and no showing of manifest
   injustice.

Appeal from Wayne, Joseph B. Sullivan, J. Sub-
mitted October 4, 1977, at Detroit. (Docket No.
28245.) Decided November 8, 1977.

Complaint by Gloria Phillips against J. L. Hud-

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence §§ 275, 628.
[2] 75 Am Jur 2d, Trial § 235.
[3] 63 Am Jur 2d, Products Liability § 123 et seq.
[4] 75 Am Jur 2d, Trial § 906 et seq.

son Company and Proctor-Silex, Inc., seeking damages for injuries sustained when the glass bowl of an electric coffee maker broke. Judgment for defendants. Plaintiff appeals. Affirmed.

*Michael H. Feiler, P. C.,* for plaintiff.

*Gemuend & Nagi,* for defendant.

Before: D. F. WALSH, P. J., and V. J. BRENNAN and BEASLEY, JJ.

D. F. WALSH, P. J. Plaintiff brought a products liability action to recover for injuries sustained when the glass bowl of an electric coffee maker broke as the plaintiff was affixing a plastic cover to it. She appeals from a jury verdict of no cause of action.

Plaintiff assigns as error the trial court's exclusion of evidence of a subsequent design change to show the existence of a previous design defect. Specifically, she offered proof that it required 8 pounds of pressure to snap the cover onto the model that caused her injury, whereas a newer model required only 3 pounds of pressure.

It is well settled that evidence of subsequent remedial measures are generally not admissible when offered to prove negligence or culpable conduct on the part of a defendant. *Denolf v Frank L Jursik Co,* 395 Mich 661; 238 NW2d 1 (1976), *Smith v E R Squibb & Sons, Inc,* 69 Mich App 375; 245 NW2d 52 (1976). The question in the instant case is whether that exclusionary rule should apply in a products liability action where the evidence is offered not to prove negligence but to show that the original product was defective.

The primary rationale for the rule is that admission of such evidence would discourage owners

from attempting preventive repairs because of the fear that evidence of such acts might be construed as an admission of prior culpable conduct. *Denolf v Frank L Jursik Co, supra,* McCormick, Evidence (2d ed), § 275, pp 666–667. We find that the policy considerations that preclude the admission of such evidence to prove negligence are equally applicable where the fact to be proven is a product defect. See, *Denolf v Frank L Jursik Co, supra,* at 667 fn 4, Proposed Michigan Rules of Evidence, Rule 407, Committee Comment. The trial court correctly excluded plaintiff's evidence.

Plaintiff next contends that the trial court erred in not permitting comment on defendant's failure to produce its expert witness. However, before counsel can properly comment upon the absence of an adverse party's witness, there must be some showing that the missing testimony was important and material. *Cook v Standard Life & Accident Insurance Co,* 86 Mich 554; 49 NW 474 (1891). Plaintiff has made no such showing and we find no error.

Plaintiff argues further that upon denying comment on the absent witness, the trial court *sua sponte* should have suggested a continuance to give plaintiff an opportunity to subpoena the witness. Plaintiff cites no legal support for this novel proposition and we know of none that could be cited.

Error is also assigned to the trial court's failure to instruct on strict liability. Michigan does not recognize "strict liability" as a theory of recovery. *Johnson v Chrysler Corp,* 74 Mich App 532; 254 NW2d 569 (1977), *Dooms v Stewart Bolling & Co,* 68 Mich App 5; 241 NW2d 738 (1976). Hence, the trial court's omission of that theory was not error.

The final claim is that the trial court erro-

neously included a reference to negligence in its instruction on the implied warranty theory.

"Now, on the basis of an implied warranty, the plaintiff has the burden of proof of each of the following:

"First, that the coffee pot was not reasonably fit for the use or purpose anticipated by the defendant in one or more of the ways claimed by the plaintiff.

"Secondly, that the coffee pot was not reasonably fit for the use or purpose anticipated or reasonably foreseeable by the defendant at the time it left the control of the defendant.

"Thirdly, that the plaintiff was injured.

"Fourthly, that the *negligent manufacturer* of the coffee pot was the proximate cause of the injury." (Emphasis added.)

Plaintiff did not object to the instruction, and we will not reverse the jury's verdict absent a showing of manifest injustice. *Reed v Stretten,* 69 Mich App 519; 245 NW2d 117 (1976). We have carefully reviewed the entire record with particular attention to the full instruction given by the court. We are not persuaded that manifest injustice occurred.

Affirmed.