MOLDOVAN v ALLIS CHALMERS MANUFACTURING COMPANY

Docket No. 25084. Submitted November 3, 1977, at Detroit.—Decided May· 22, 1978. Leave to appeal applied for.

Martin Moldovan was injured at his place of employment when he was struck by an unoccupied fork truck which unexpectedly went into reverse. He then commenced an action against Allis Chalmers Manufacturing Company and Fraza Equipment, Inc., seeking money damages for personal injuries, under a negligence theory and several breach of warranty theories, contending that a defective safety valve on the forklift had been the cause of the forklift's unexpected movement. Judgment for defendants, Wayne Circuit Court, Roland L. Olzark, J. Plaintiff appeals. *Held:*

The failure of the trial judge to disqualify himself was not error where the plaintiff failed to show actual prejudice of the trial judge. There is nothing in the record, when it is read as a whole, to indicate that the judge was biased against the plaintiff. The trial judge's modification of a pretrial order to exclude

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur 2d, Judges §§ 94 *et seq.,* 166 *et seq.*

[2, 15] 75 Am Jur 2d, Trial § 119.

Remarks or acts of trial judge criticizing, rebuking, or punishing defense counsel in criminal case, as requiring new trial or reversal. 62 ALR2d 166.

Prejudicial effect of remarks of trial judge criticizing counsel in civil case. 94 ALR2d 826.

[3] 62 Am Jur 2d, Pretrial Conference and Procedure § 37 *et seq.*

[4, 5] 29 Am Jur 2d, Evidence §§ 493–497.

30 Am Jur 2d, Evidence §§ 931, 934, 1002.

[6, 8] 23 Am Jur 2d, Depositions and Discovery §§ 99, 112, 119, 120.

[7] 17 Am Jur 2d, Continuance §§ 3, 4.

[8, 16] 23 Am Jur 2d, Depositions and Discovery § 108.

[9] 4 Am Jur 2d, Appeal and Error § 544.

[10, 11, 17] 29 Am Jur 2d, Evidence § 818 *et seq.*

[12] 76 Am Jur 2d, Trial §§ 1041–1044.

[13] 58 Am Jur 2d, New Trial § 164 *et seq.*

[14, 18] 29 Am Jur 2d, Evidence §§ 275, 628.

[15] 58 Am Jur 2d, New Trial § 52.

75 Am Jur 2d, Trial § 116.

any reference to the plaintiff's prior sex-related convictions, which made the plaintiff choose between introducing an entire video-tape deposition of an expert witness or excluding it totally was not an abuse of the trial court's discretion. Refusal on grounds of hearsay to allow a representative of plaintiff's employer to read statements on an accident-report form but allowing the form into evidence to show that the accident had taken place and had been reported was a correct ruling. It was a proper exercise of discretion for the trial judge to refuse to allow portions of a deposition to be admitted into evidence where it appeared that those portions were speculative, and the refusal to grant a continuance to allow the plaintiff to bring in a witness out of order late in the trial was not an abuse of discretion. It was proper for the trial judge to refuse to allow plaintiff's counsel to introduce favorable excerpts of deposition testimony of certain witnesses after those witnesses had been excused. The trial judge's refusal to allow in-court experimentation with a model of the allegedly defective valve and excluding plaintiff's witness's testimony of out-of-court experiments with a model valve was not an abuse of discretion where the in-court model valve was not set up in the same manner as the one on the forklift which caused the accident and where the witness conceded that he had never seen the forklift nor had he compared the model valve with the allegedly defective one and where the witness could not testify that every part of the out-of-court model valve met specifications. It was not an abuse of discretion for the trial judge to read testimony back to the jury upon its request, after it had retired for deliberations. Plaintiff's motion for a new trial based on the contention that an expert had been located who could rebut the testimony of the defendants' expert was properly denied. Evidence of design change subsequent to the accident was properly excluded by the trial court.

Affirmed.

M. J. Kelly, J., dissented. He would hold that the plaintiff should have been granted a new trial because of the trial judge's overtones of antagonism toward plaintiff's counsel throughout the trial. A miscarriage of justice resulted.

The plaintiff should have been permitted to introduce the video-tape deposition without the portions pertaining to the plaintiff's criminal sexual offenses as the plaintiff properly relied on a pretrial order allowing him to introduce only the other portions of the deposition. The prejudicial effect of those portions dealing with the criminal sexual offenses far outweighed their probative value.

The trial court abused its discretion in refusing to allow the

plaintiff to introduce into evidence a model valve and testimony of out-of-court experiments involving a model valve. The trial court's foreclosure of the plaintiff's efforts to explain the differences between a model of the allegedly defective valve and a smoothly operating valve was an abuse of discretion where the defendants had introduced the smoothly operating valve, but the plaintiff's evidence was excluded on the policy grounds that evidence of subsequent repairs should not be admitted into evidence in negligence actions.

## Opinion of the Court

1. Judges—Disqualification—Prior Judgment Against Judge— Grounds For Disqualification—Prejudice—Court Rules.

   A plaintiff's contention that a trial judge should have disqualified himself from presiding over a trial wherein the plaintiff was seeking money damages for personal injuries because the judge recently had been found liable for $395,000 in a Federal court civil suit is without merit where the plaintiff has established none of the eight possible grounds for disqualification and has not shown actual prejudice of the trial judge (GCR 1963, 405.1).

2. Appeal and Error—Colloquy Between Judge and Counsel— Fair Trial.

   The test to be applied in reviewing a claim that a trial judge committed prejudicial error in his verbal exchanges with the appellant's attorney is whether or not the appellant was denied a fair and impartial trial; in such a determination the record must be reviewed as a whole and not in pieces taken out of context.

3. Trial—Pretrial Orders—Modification of Orders—Discretion.

   A trial court has the discretionary power to modify a pretrial order; where in light of all the factors at trial the trial court properly exercised its discretion in modifying an order, there was no reversible error; such a modification will not be overturned absent clear abuse of discretion.

4. Evidence—Exclusion—Hearsay—Accident Report.

   Statements on an accident report form filled out by a representative of a plaintiff's employer were properly excluded from evidence by the trial judge in a trial for negligence and products liability as being hearsay evidence where the statements were written by someone no longer employed by the plaintiff's employer and were written before the company representative,

who was to read the statements from the witness stand, was employed by the plaintiff's employer.

5. EVIDENCE—HEARSAY—BUSINESS RECORDS—ACCIDENT REPORTS.

Accident reports are distinguishable from other types of so-called business records for purposes of the hearsay exclusionary rule.

6. EVIDENCE—ADMISSIBILITY—DEPOSITIONS—RULES OF EVIDENCE—DISCRETION—COURT RULES.

The admissibility of depositions is governed by the rules of evidence and it is a proper exercise of judicial discretion to refuse to admit speculative deposition testimony (GCR 1963, 302.4, 302.5).

7. CONTINUANCE—DISCRETION—TRIAL JUDGE.

Granting a continuance is within the discretion of the trial judge.

8. DEPOSITIONS—EVIDENCE—EXCERPTS—WITNESSES—DISCRETION—COURT RULES.

The broad language in the court rule governing the use of depositions at trial does not remove the trial judge's control of the proceedings and it was proper for a trial judge to refuse to allow plaintiff's counsel to introduce favorable excerpts of deposition testimony of witnessses, who appeared at trial, after the witnesses had been excused (GCR 1963, 302.4[2]).

9. APPEAL AND ERROR—CO-COUNSEL—DIVISION OF LABOR—DISCRETION.

A plaintiff's claim that a trial judge erred in refusing to permit co-counsel for plaintiff to divide the duties in conducting a lawsuit is without merit where the record indicates no specific request by plaintiff's attorneys to engage in a "division of labor" method and where a review of the instances cited by the plaintiff reveals that the trial judge was acting well within his discretion in limiting arguments before the court.

10. EVIDENCE—IN-COURT EXPERIMENTS—DISSIMILAR CONDITIONS—WITNESSES—EXPERT WITNESSES—DISCRETION.

A trial court's ruling to exclude in-court experiments with a model of an allegedly defective valve because the conditions of the in-court experiment were not sufficiently similar to the allegedly defective valve on the date of the accident wherein plaintiff was injured was not an abuse of discretion where the model valve was mounted on a board, not on a forklift as at the time of the accident, and plaintiff's expert witness conceded that he had never seen the forklift in question nor had he compared the model valve with the allegedly defective valve.

11. EVIDENCE—EXPERIMENTS—ADMISSIBILITY OF EVIDENCE—DISCRETION—EXPERT WITNESSES.

Admission of test results is within the wide discretion of the trial court; it was not an abuse of the trial court's discretion to exclude testimony by a plaintiff's expert witness regarding out-of-court experiments with a model of an allegedly defective valve where the expert could not testify that every part of the model valve met specifications.

12. TRIAL—READING TESTIMONY TO JURY—DISCRETION.

Reading testimony back to a jury after it has begun deliberations is within the discretion of the trial judge.

13. NEW TRIAL—MOTIONS—NEWLY DISCOVERED EVIDENCE—DISCRETION—GROSS ABUSE OF DISCRETION.

Denial of a new trial where the motion for the new trial is based on newly discovered evidence will not be reviewed absent gross abuse of discretion; where a plaintiff seeking a new trial can only show new evidence which might impeach a defendant's expert witness, there is no abuse of discretion in denial of a new trial.

14. EVIDENCE—NEGLIGENCE—PRODUCTS LIABILITY—SUBSEQUENT REPAIRS—DESIGN CHANGE.

Evidence of subsequent repairs or design change should be excluded from negligence cases because of sound policy grounds; these policy grounds are equally applicable to excluding evidence of design change in products liability cases.

DISSENT BY M. J. KELLY, J.

15. NEW TRIAL—MOTIONS—ANTAGONISM OF TRIAL JUDGE—MISCARRIAGE OF JUSTICE.

*A plaintiff's motion for a new trial should have been granted where the trial judge's rulings on many of the issues contain overtones of antagonism toward plaintiff's counsel and it appears that there was a miscarriage of justice.*

16. EVIDENCE—DEPOSITIONS—VIDEO-TAPE DEPOSITION—ADMISSION OF EVIDENCE—CRIMINAL SEXUAL OFFENSES—PRETRIAL ORDER.

*The trial court in a negligence and products liability action should have allowed a plaintiff to introduce a video-tape deposition of plaintiff's psychiatric witness and delete those portions which pertained to the plaintiff's criminal record involving two sexual offenses where the prejudicial effect of that portion of the evidence far outweighs its probative value and where the*

*plaintiff's counsel was justified in relying on a pretrial ruling to exclude that portion of the deposition.*

17. EVIDENCE—EXPERT WITNESSES—MODELS—EXCLUSION OF EVIDENCE
—OUT-OF-COURT EXPERIMENTS.

*The trial court abused its discretion in excluding a plaintiff's expert witness's model valve and in excluding testimony of out-of-court experiments with the model valve where the exclusion was based on the fact that the model was mounted on a board and not on the forklift, which was the cause of the accident, because a requirement to introduce the whole vehicle would be unreasonable.*

18. EVIDENCE—EXCLUSION OF EVIDENCE—NEGLIGENCE—SUBSEQUENT
REPAIRS—EXPERT WITNESSES—MODELS.

*The trial court erred in relying on the rule which excludes from a negligence case evidence of subsequent repairs to foreclose a plaintiff and his expert witness from thoroughly explaining the difference between a model valve, prepared pursuant to the specifications in effect at the time of an accident which was caused by an alleged defect in a similar valve, and a smoothly operating valve where the smoothly operating valve, which was designed subsequent to the accident, was brought into court by the defense; the model valve should have been allowed in evidence.*

*Colista, Green, Green & Adams* (by *Michael Domonkos)*, for plaintiff.

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy, P. C.,* for defendant Allis Chalmers Manufacturing Company.

*Sullivan, Ranger, Ward & Bone,* for defendant Fraza Equipment, Inc.

Before: BEASLEY, P. J., and D. E. HOLBROOK, JR. and M. J. KELLY, JJ.

D. E. HOLBROOK, JR., J. Plaintiff Martin Moldovan was injured when he was struck by an unoccupied forklift truck which unexpectedly went into reverse. Basing his claim on negligence and sev-

eral breach of warranty theories, plaintiff sued defendants Allis Chalmers Manufacturing Company and Fraza Equipment Company. Essentially plaintiff's claim was grounded on the failure of a safety valve device which, plaintiff contends, should have prevented the forklift from operating when unoccupied. After a 15-day trial the jury returned a verdict of no cause of action as to both defendants. Plaintiff appeals, raising 12 allegations of error.

First, plaintiff contends the trial judge should have disqualified himself since the judge had recently been found liable for $395,000 in a Federal court civil suit. Plaintiff's counsel argue their ignorance of this judgment until the day of final argument precluded a timely motion for disqualification as required by GCR 1963, 405. Plaintiff argued this issue in his motion for a new trial, which was denied. Regardless of when counsel discovered the judgment, the argument is without merit. Plaintiff has established none of the eight possible grounds for disqualification under GCR 1963, 405.1 and has not shown "actual prejudice" of the trial judge. *Irish v Irish,* 59 Mich App 635, 639; 229 NW2d 874 (1975), *Armstrong v Ann Arbor,* 58 Mich App 359, 369–370; 227 NW2d 343 (1975), *lv den,* 394 Mich 783 (1975). In the new trial hearing, the trial judge's remarks indicate that, if anything, he was favorable to plaintiff's case—that he felt plaintiff should recover something for his injury and that perhaps the defendants could have been pressured into a $400,000 settlement (plaintiff rejected a $200,000 settlement offer). The jury, however, found no liability on the part of either defendant. We find no reversible error.

Second, plaintiff complains of several incidents of harsh treatment of plaintiff's counsel in front of

the jury. In any hotly contested 15-day trial there are bound to be episodes of judicial impatience with aggressive counsel. The standard of review, however, is whether such exchanges resulted in denying plaintiff a fair and impartial trial. *St. Louis v Fisher & Co, Inc,* 1 Mich App 55, 58; 134 NW2d 290 (1965). Taken alone and out of context, certain portions of the record could just as easily be used to show trial court bias against the defendants. We must review the record as a whole and we conclude plaintiff was not denied a fair trial.

Third, plaintiff contends the trial judge violated a pretrial order (issued by a different judge) to exclude any reference to plaintiff's prior sex-related convictions. The violation occurred when the trial judge refused to excise certain references to the sex offenses in a video-tape deposition of plaintiff's psychiatric witness. Initially we note that one aspect of plaintiff's claimed injury was impairment of his sex drive and, indeed, plaintiff's psychiatric witness concluded that plaintiff's sex drive was impaired. However, the psychiatrist also stated that plaintiff's sexual problems stemmed in part from his earlier sex offense incidents. The trial judge gave plaintiff the option of introducing the entire video-tape or excluding it totally. Plaintiff opted to let in the entire tape and now appeals. We uphold the ruling of the trial judge for several reasons: a) GCR 1963, 605 permits trial court discretion to require an expert witness to set forth the "data" upon which the expert's conclusions are based, b) a person's prior criminal record is relevant if a psychiatrist relied upon it in forming an opinion, *People v Hammack,* 63 Mich App 87, 93; 234 NW2d 415 (1975), c) in light of plaintiff's claim of impaired sexual drive, the defense was entitled to have all of plaintiff's psychiatric witness's data

placed before the jury, see GCR 1963, 302.4(4), and, d) the pretrial judge did not know plaintiff's psychiatrist was going to testify as to plaintiff's prior history before he (the pretrial judge) made his exclusionary ruling. In light of all these factors the trial judge properly exercised his discretionary power to modify the pretrial order and such a modification will not be overturned absent clear abuse. *Hanlon v Firestone Tire & Rubber Co,* 391 Mich 558, 564; 218 NW2d 5 (1974), *State Highway Comm v Redmon,* 42 Mich App 642, 645–646; 202 NW2d 527 (1972).

Fourth, plaintiff argues the trial judge erred by refusing to allow a representative of plaintiff's employer to read statements written on an accident report form (Form 100). The judge ruled the statements hearsay and refused to allow them to be read. However, he offered to allow the form in to show the accident took place and had been reported but refused to admit any statements as to how the accident happened. Plaintiff decided not to introduce the form at all and now appeals. The trial judge ruled correctly. The statements were written by someone no longer employed by plaintiff's employer and were written before the company representative was employed by plaintiff's employer. Since the employer was a third party intervenor and not an adverse party the statements were not admissible as admissions against interest. Nor were they admissible under the "business entry" exception to the hearsay rule. MCLA 600.2146; MSA 27A.2146. There are some ambiguities in that statute. *Wade v Bay City,* 57 Mich App 581; 226 NW2d 569 (1975), *appeal dismissed,* 394 Mich 755 (1975). The form is admissible to show the accident occurred and that the employer had knowledge of the accident, but the

written conclusions or statements detailing how
the accident occurred—a critical fact issue at trial
—would be excludable hearsay. In *Central Fabri-
cators, Inc v Big Dutchman Division of US Indus-
tries, Inc,* 398 Mich 352; 247 NW2d 804 (1976), the
Michigan Supreme Court quoted with approval
from the United States Supreme Court case
*Palmer v Hoffman,* 318 US 109; 63 S Ct 477; 87 L
Ed 645 (1943), which held statements contained in
an accident report were not admissible under the
Federal business entry statute. For a number of
reasons accident reports are distinguishable from
other types of so-called business records. We con-
clude the trial judge ruled correctly on the limited
admissibility of the accident report.

Fifth, plaintiff complains the entire deposition of
a former Allis Chalmers employee should have
been admitted under either the adverse witness
rule, or GCR 1963, 302.4(3), or as an "excited
utterance". A review of the judge's ruling indicates
that he excluded portions of the deposition on the
grounds that they were *speculation* and *conjec-
ture.* The admissibility of depositions is governed
by the rules of evidence, GCR 1963, 302.4 and
302.5, and the trial judge properly exercised his
discretion in refusing to admit speculative deposi-
tion testimony. Plaintiff further complains the
trial judge abused his discretion by refusing to
grant a continuance so plaintiff could bring the
deposition witness to court to testify. The record
indicates the plaintiff wished to bring the witness
in near the close of trial and the judge felt taking
the witness out of order so late in the trial would
unduly confuse the jury. Granting a continuance is
within the discretion of the trial judge and we find
the judge did not abuse his discretion.

Sixth, plaintiff complains he should have been

allowed to read selected portions of depositions of witnesses who had already testified and had been excused. The record indicates the judge denied plaintiff's request since plaintiff should have cross-examined the witnesses about their deposition statements when they were on the stand rather than wait until they were excused to read selected highlights from the deposition. Plaintiff claims GCR 1963, 302.4(2) allows the use of depositions "for any purpose". We do not think this broad language removes the trial judge's control of the proceedings and we conclude the trial judge properly refused to let plaintiff's counsel introduce favorable excerpts of deposition testimony after the witnesses were excused.

Seventh, plaintiff argues the trial judge erred when he refused to permit co-counsel for plaintiff to divide the duties in conducting the lawsuit. The record indicates no specific request by plaintiff's attorneys to engage in a "division of labor" method. A review of the instances cited by plaintiff reveals the trial judge was acting well within his discretion in limiting arguments before the court. Plaintiff's argument is without merit.

Eighth, plaintiff complains the trial judge erred in excluding in-court experiments with a model of the allegedly defective valve and in excluding plaintiff's witness's testimony of out-of-court experiments with a model valve. As to the in-court experiments, the trial judge refused to allow the experimentation because the conditions were not sufficiently similar to the allegedly defective valve on the date of the accident. The model valve was mounted on a board, not on a forklift, and plaintiff's expert conceded he had never seen the forklift in question nor had he compared the model valve with the allegedly defective valve. We con-

clude the trial judge did not abuse his discretion. Nor did he abuse his discretion in excluding testimony of the out-of-court experiments where plaintiff's expert could not testify that every part of the model valve met specifications. Admission of test results is within the wide discretion of the trial court. *Taylor v Hannon-Colvin Post 180 of American Legion,* 6 Mich App 398, 405; 149 NW2d 210 (1967), *Pohlod v General Motors Corp,* 40 Mich App 583; 199 NW2d 277 (1972).

Ninth, plaintiff argues that a pretrial order which excluded any reference to workers' compensation benefits was violated. A review of the record indicates there was no mention of workers' compensation, therefore the pretrial order was not violated and the trial judge was correct in refusing to give any curative instruction which may have resulted in exposing the fact of worker's compensation benefits.

Tenth, after retiring, the jury returned with a question for the trial judge and the plaintiff claims the judge erred where he responded to the question by having testimony read to the jury. Reading testimony back to the jury is within the wide discretion of the trial judge, *Klein v Wagenheim,* 379 Mich 558, 561; 153 NW2d 663 (1967), *People v Howe,* 392 Mich 670, 675; 221 NW2d 350 (1974), and the trial judge did not abuse that discretion in having pertinent testimony read to the jury.

Eleventh, plaintiff contends he should have been granted a new trial since after trial plaintiff located an expert witness who supposedly could rebut testimony of defendants' expert. GCR 1963, 527.1(6) governs new trials based on newly discovered evidence. Plaintiff has shown no factual basis to show the evidence is material, not cumulative or that it could not have been discovered before

trial. See *Parlove v Klein,* 37 Mich App 537, 542; 195 NW2d 3 (1972), *lv den,* 387 Mich 780 (1972). Denials of new trials based on newly discovered evidence will not be reviewed absent gross abuse of discretion, *People v Hill,* 21 Mich App 178, 180; 175 NW2d 305 (1970), and since all plaintiff really shows is that the new evidence might impeach defendants' expert, plaintiff's argument must fail. *Pociopa v Olson,* 13 Mich App 324, 327; 164 NW2d 413 (1968), *lv den,* 381 Mich 797 (1969).

Twelfth, plaintiff urges the trial court erred by refusing to admit evidence of a post-accident design change in the safety valve. The record indicates defense counsel gave plaintiff's expert a model for illustration purposes, the expert took the model apart and discovered a different sized spring than used in the allegedly defective valve. Defendants immediately objected, the jury was excused and arguments heard, and the judge ruled the evidence of the design change was inadmissible. Excluding evidence of subsequent repairs or design changes is based on sound policy grounds. Unlike the situation in *Denolf v Frank L Jursik Co,* 395 Mich 661; 238 NW2d 1 (1976), admission of evidence of a design change would offend the policy grounds behind the exclusionary rule. Here the evidence would have been prejudicial to a party defendant. The policy grounds for excluding design changes to show negligence are equally applicable in a products liability setting. *Phillips v J L Hudson Co,* 79 Mich App 425; 263 NW2d 3 (1977).

Affirmed. Costs to appellees.

BEASLEY, P. J., concurred.

M. J. KELLY, J. *(dissenting).* I agree unequivocally with the majority's treatment of the first

issue and I believe the very raising of that issue reflects the atmosphere which characterizes this record.

However too many of the remaining issues contain overtones of antagonism toward plaintiff's counsel. They may have richly deserved a tight reign at times, but it appears to me that an overtried case resulted in a miscarriage of justice. I think the trial judge should have granted a new trial.

Since I am a minority of one there is little to be served by dissecting the record for instances of querulousness. This matter is addressed in the majority opinion as the second issue. The two distinguished former trial judges who sign that opinion perhaps find little sympathy for my view that a too easily aggravated trial judge is as much an impediment to a fair trial as an error of fact or law. I can only say that I come to a different conclusion and disagree that both sides were treated evenly. More than anything else it is the cumulative effect of the atmosphere of impatience which compels my vote for reversal.

On the issue addressed as number 3 by the majority I am tempted to excoriate appellant for failure to supply the video-tape deposition with the exhibits submitted on this appeal. I understand that steps are being taken to require the filing of such tape or a written verbatim certified transcript of the same in future cases. This video-tape deposition issue appeared to me to be extremely troublesome and was recognized to be so by the trial judge. If I read the record correctly the plaintiff was guilty of two criminal sexual episodes, one in 1964 (homosexual) and one in 1973 (defendants refer to it as a "1974 sex episode") with a female minor and defendants further say

that the first time they learned of the second sex offense was at the taking of Dr. Danto's deposition.

The deposition was taken after a pretrial rule which unequivocally excluded such evidence from jury consideration. It is unclear to me how defense counsel could have, in the face of the pretrial ruling, taken the opportunity to inquire into the criminal sexual conduct in violation thereof. I was unable to view the video tapes without taking extraordinary measures and it became unnecessary to do so when the majority opinion was forwarded to me by my colleagues. It appears that although the plaintiff's attorneys obtained a stipulation to exclude the prior criminal record at pretrial and subsequently obtained a letter from the pretrial judge amending the pretrial order to expressly exclude such evidence, nevertheless, it came to be included in a deposition taken *thereafter*. The majority opinion refers to GCR 1963, 302.4(4) which prohibits piecemeal or selective introduction. That is beside the point here. At the very least there should have been an attempt on the part of the defendants to get a modification of the pretrial ruling instead of waiting until the time came to introduce the deposition at trial. The laying back placed plaintiffs' attorneys on the horns of a dilemma. They either had to forego the entire video tape deposition which, besides being expensive, may have been critical to their presentation of damages or be forced to allow the exposure of the criminal sexual misconduct, which may have been devastating to some of the jurors. In any event I find the prejudicial effect of the evidence far outweighed its probative value and I believe further that plaintiff's counsel were justified in relying on the pretrial ruling and expecting that evidence to be excluded.

The only other issues I address have to do with the expert witnesses. The majority in issue 8 condones disallowing the model valve because it was mounted on a board, not on a forklift. I think that's ridiculous on the face of it and consider that the trial judge extracted too stringent a requirement that the model be an exact duplicate of the entire vehicle. This is tantamount to requiring the introduction of a whole automobile to prove a hydraulic valve defective. I think the court abused its discretion in excluding the model valve and in excluding the testimony of the out-of-court experiments.

In issue 12 likewise I believe the majority came to the wrong conclusion. Each party's principal expert came to court with a safety device model to use for demonstration purposes. The plaintiffs' expert's model had a tendency to stick. The defendant's expert's device operated smoothly. During the plaintiffs' expert's testimony he was allowed to disassemble defendant's device and upon doing so he discovered in the presence of the jury that the model brought to court *by the defense* contained a longer spring that the spring specified in the manufacturer's list of components. How this occurred was suggested to be by design change which took effect about six months after plaintiffs' accident. Defendants had placed the device in evidence as exhibit three. I believe the trial court erred reversibly in foreclosing the plaintiff and his expert from thoroughly explaining the differences between the device prepared pursuant to the specifications in effect at the time of plaintiff's accident and the smoothly operating device brought into court by the defendant and/or its expert. The jury apparently later confused this safety device spring with an inching spring and directed a question to

the court shortly after retiring to deliberate. The net effect of the ruling was that the defendant's false model, a telling weapon indeed, was subtracted from the plaintiffs' rebuttal arsenal, which gave a totally false complexion to what should have been a crucial blow to the defense. Whether this single specification of error should result in reversal to both defendants or only to the manufacturer I do not choose to address in dissent as it would only unnecessarily add to the volume of unavailing literature (my dissents).

I would reverse.