JOHNSON v THE HERALD CO

Docket No. 55436. Submitted March 3, 1982, at Detroit.—Decided
    May 21, 1982.

    The Flint Journal, owned by defendant, The Herald Co., pub-
        lished reports that Jack R. Johnson, then president of the
        AFSCME local which represented the Flint city workers, made
        a deal with the mayor of Flint to help defeat a critic of the
        mayor in his aid for re-election to city council in return for
        Johnson's appointment to the position of labor specialist for the
        City of Flint. Johnson brought an action against The Herald
        Co. for libel, alleging that the reports did "willfully and mali-
        ciously and/or on the basis of insufficient investigation and/or
        preconceived objectives, impute plaintiff * * * with involve-
        ment in corrupt or improper practices * * * which imputations,
        claims and innuendos were, in fact, false and without founda-
        tion in fact." The Genesee Circuit Court, Donald R. Freeman,
        J., granted summary judgment for defendant for failure to
        sufficiently allege malice. Plaintiff appealed. *Held:*

        To sustain an action for libel, a public figure must plead
    actual malice or facts from which a jury would be entitled to
    find actual malice. Actual malice means that the statements
    were published with knowledge that they were false or with
    reckless disregard for whether or not they were true. Reckless
    disregard for the truth is not established by a showing that the
    statements were based on preconceived objectives or insufficient
    investigation. The pleadings did not allege actual malice.
        Affirmed.

LIBEL AND SLANDER — PUBLIC FIGURES — PLEADING — MALICE.

    To sustain an action for libel, a public figure must plead actual
        malice or facts from which a jury would be entitled to find
        actual malice; actual malice means that the statements were
        published with knowledge that they were false or with reckless

REFERENCES FOR POINTS IN HEADNOTE
50 Am Jur 2d, Libel and Slander §§ 415, 455.
What constitutes actual malice, within federal constitution rule
    requiring public officials and public figures to show actual malice.
    20 ALR3d 988.

disregard for whether or not they were true; reckless disregard for the truth is not established by a showing that the statements were based on preconceived objectives or insufficient investigation.

*Charles A. Forest, Jr.,* for plaintiff.

*Jerome F. O'Rourke,* for defendant.

Before: R. M. MAHER, P.J., and BEASLEY and P. J. MARUTIAK,* JJ.

PER CURIAM. Plaintiff appeals as of right from an order granting summary judgment to defendant on plaintiff's complaint for libel.

Plaintiff sued the defendant newspaper for libel for publishing two articles and an editorial about him. According to the articles, plaintiff, who was then president of the AFSCME local which represented Flint city workers, made a "deal" with Flint City Mayor Rutherford to help him defeat a strong critic of the mayor in the critic's bid for re-election to the city council. In return, said the articles, plaintiff was promoted to the newly created position of labor relations specialist for the City of Flint.

In his complaint plaintiff alleged that

"the said articles did directly and by implication willfully and maliciously and/or on the basis of insufficient investigation and/or preconceived objectives, impute plaintiff herein with involvement in corrupt or improper practices with reference to the securing of his current position in city employment as a labor relations specialist and other corrupt and improper actions while in such position and in positions previously held by him, which imputations, claims and innuendos were, in

---

* Circuit judge, sitting on the Court of Appeals by assignment.

fact, false and without foundation in fact."

Defendant moved for summary judgment on the ground that the complaint failed to state a cause of action. Specifically, defendant contended (and the trial judge found) that plaintiff had not sufficiently alleged the necessary element of malice.

In order to recover damages for libel, a public figure[1] must show both that the allegedly libelous statements were false and that they were published with "actual malice". *New York Times v Sullivan,* 376 US 254; 84 S Ct 710; 11 L Ed 2d 686 (1964).

Plaintiff contends that the language in the complaint alleging that the "articles did * * * maliciously * * * impute plaintiff herein with involvement in corrupt or improper practices" constitutes a sufficient allegation of actual malice, since "[m]alice, intent, knowledge, and other conditions of mind of a person may be averred generally". GCR 1963, 112.2.

This argument reflects a misunderstanding of plaintiff's burden of proof in this case. "Actual malice", in the context of a libel action, is a constitutional term of art. Plaintiff may not establish this element by showing that defendant's actions were calculated to make him suffer;[2] rather, he must prove that defendant published the allegedly libelous statements with knowledge of their falsity or with reckless disregard for whether or not the statements were true. *New York Times, supra.* Even where a plaintiff proves that a defendant published a statement "mali-

---

[1] Plaintiff apparently concedes that he is a public figure for purpose of this appeal.

[2] Such a showing would generally be sufficient with respect to a claim based on any other theory of liability containing an element of malice.

ciously", the plaintiff may not recover unless he proves that the statement was published with knowledge that it was false or with reckless disregard for the truth. A general allegation of "malice" is insufficient.

Alternatively, plaintiff contends that certain other language in the complaint sufficiently alleges that defendant acted with reckless disregard for the truth. We set forth the pertinent language below:

"[T]he said articles did directly and by implication willfully and maliciously and/or on the basis of insufficient investigation and/or preconceived objectives, impute plaintiff herein with involvement in corrupt or improper practices with reference to the securing of his current position in city employment * * *."

We have already concluded that the language to the effect that the articles "willfully and maliciously * * * impute[d] plaintiff herein with involvement in corrupt or improper practices" does not sufficiently allege the element of actual malice. We find the other language relied on for this purpose by plaintiff similarly deficient. Clearly, plaintiff cannot establish "reckless disregard for the truth" merely by showing that the articles were published on the basis of "preconceived objectives". Moreover, although this is a closer question, we do not believe that plaintiff may establish the "reckless disregard" element by showing only that defendant made the allegedly libelous statements "on the basis of insufficient investigation". "Insufficient investigation" simply does not constitute reckless disregard for the truth.

We conclude that the trial court did not err by granting defendant's motion for summary judgment.

We are convinced that this case does not involve a party being penalized for sloppy draftsmanship. Plaintiff had several opportunities to amend his complaint but chose not to do so. Plaintiff apparently believed he was entitled to recover upon establishing the facts alleged in his complaint. Defendant's motion challenged the legal sufficiency of plaintiff's claim, and the trial court correctly determined that the complaint failed to allege the necessary element of reckless disregard of the truth.

We do not wish to imply that a libel complaint must contain the magic words "reckless disregard of the truth"; it is sufficient if the complaint alleges other facts from which a jury would be entitled to conclude that a particular defendant published statements with knowledge of their falsity or with reckless disregard for the truth. Nothing in plaintiff's complaint, however, satisfies either of these alternative requirements.

*New York Times, supra,* established that the First Amendment affords the press protection against financial intimidation through easily obtained libel awards. Even after the *New York Times* decision, individuals are still capable of attempting to exercise coercive influence over newspapers by forcing them to incur substantial expense defending lawsuits that should never be in court in the first place. This, apparently, is such a case.

Affirmed.