ZACHRICH v BOOTH NEWSPAPERS

Docket No. 55712. Submitted April 6, 1982, at Lansing.—Decided
August 25, 1982.

Alvin N. Zachrich and his wife Roberta Zachrich brought an
action for libel against Booth Newspapers, doing business as
The Bay City Times, Thomas E. Fallon, and David Phillips. The
Bay Circuit Court, Michael F. Merritt, Acting Circuit Judge,
entered judgment in favor of the defendants. Plaintiffs appeal,
alleging that they were deprived of their right to have the case
heard by a judge of their own circuit when the case, originally
assigned to Bay Circuit Judge John X. Theiler, was reassigned
to Judge Merritt, a Livingston County District Judge who was
assigned to assist with Judge Theiler's caseload. Plaintiffs also
allege that Judge Theiler erred in denying their motion for a
continuance upon the case being reassigned to Judge Merritt,
and that the trial court erred in finding that defendants did not
libel plaintiffs. *Held:*

1. The right of the plaintiffs to have the case heard by a
judge elected from their own circuit is not absolute but is
subject to certain limitations and qualifications. Plaintiffs were
not wrongfully deprived of this right.

2. No abuse of discretion is shown in the denial of plaintiffs'
motion for a continuance.

3. At the time of the alleged libel, Alvin Zachrich was
considered a public figure. As such, he is required to show
actual malice in order to prevail. The trial court's finding that
no such malice existed was not clearly erroneous.

Affirmed.

1. JUDGES — HEARING OF CASES.

The right of a party to have his case heard by a judge elected

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur 2d, Judges § 26.
[2] 17 Am Jur 2d, Continuance § 3.
[3] 50 Am Jur 2d, Libel and Slander § 125.
  Constitutional aspects of libel or slander of public officials. 95
  ALR2d 1450.
[4] 50 Am Jur 2d, Libel and Slander § 174.

from that party's own circuit is not absolute but is subject to certain constitutional and statutory limitations and qualifications.

2. TRIAL — CONTINUANCE.

The grant or denial of a continuance is within the discretion of the trial court.

3. LIBEL AND SLANDER — PUBLIC FIGURES — MALICE.

A public figure must show actual malice in order to prevail in a libel suit; he must prove that the defendant published the allegedly libelous statements with knowledge of their falsity or with reckless disregard for whether or not the statements were true.

4. LIBEL AND SLANDER — MALICE.

The existence of actual malice in an action for libel is a question of fact.

*Lynch, Gallagher & Lynch,* for plaintiffs.

*Baker & Selby,* for defendants.

Before: M. F. CAVANAGH, P.J., and R. M. MAHER and K. B. GLASER,* JJ.

PER CURIAM. This libel action was tried without a jury and a judgment was entered for defendants. Plaintiffs appeal as of right.

Two issues are raised on appeal. The first centers around plaintiffs' motion for a continuance filed just before the trial started. The complaint was originally filed in July, 1977; the trial started July, 1980. For most of these three years, Bay County Circuit Judge John X. Theiler presided over the case. However, the week that this case was to be heard, District Judge Michael F. Merritt was assigned to hear Judge Theiler's cases and, thus, this case was assigned to him for trial.

Plaintiffs argue that, because District Judge

* Circuit judge, sitting on the Court of Appeals by assignment.

Merritt is from Livingston County and not Bay County, they have been deprived of their right to have a judge elected from their own circuit. This argument was decided against plaintiffs in *In re Huff,* 352 Mich 402; 91 NW2d 613 (1958).

The decision of whether or not to grant a continuance is within the trial court's discretion. *Moldovan v Allis Chalmers Mfg Co,* 83 Mich App 373; 268 NW2d 656 (1978), *lv den* 406 Mich 916 (1979). Plaintiffs have failed to show any abuse of discretion in the denial of the continuance motion. Assuming plaintiffs waived a jury because they had believed that Judge Theiler would hear the case, the assignment of Judge Merritt, at most, gave them the right to request withdrawal of their jury waiver. However, they never asked for that nor do they now. We find no error in the denial of a continuance.

We turn next to the assertion that the trial judge clearly erred in finding that defendants did not libel plaintiffs. No one disputes that Alvin Zachrich was a public figure at the time in question, and thus, to prevail in a libel suit, malice must be shown. As this Court stated in *Johnson v Herald Co,* 116 Mich App 523, 525-526; 323 NW2d 468 (1982):

" 'Actual malice', in the context of a libel action, is a constitutional term of art. Plaintiff may not establish this element by showing that defendant's actions were calculated to make him suffer; rather, he must prove that defendant published the allegedly libelous statements with knowledge of their falsity or with reckless disregard for whether or not the statements were true. *New York Times, supra [New York Times Co v Sullivan,* 376 US 254; 84 S Ct 710; 11 L Ed 2d 686; 95 ALR2d 1412 (1964)]. Even where a plaintiff proves that a defendant published a statement 'maliciously', the plaintiff may not recover unless he proves that the

statement was published with knowledge that it was false or with reckless disregard for the truth. A general allegation of 'malice' is insufficient."

The existence of "actual malice" is a question of fact. *Weeren v Evening News Ass'n,* 379 Mich 475, 510; 152 NW2d 676 (1967), quoting with approval from *Timmis v Bennett,* 352 Mich 355; 89 NW2d 748 (1958). The trial court here found no such malice and we cannot disturb that finding unless it is clearly erroneous. GCR 1963, 517.1. Our review of the record fails to disclose any evidence of the requisite malice and we decline plaintiffs' invitation to infer it. The judgment below is affirmed.

Affirmed.